**RAINES FELDMAN LITTRELL LLP**
Kyra E. Andrassy (State Bar No. 207959)
*kandrassy@raineslaw.com*
Robert S. Marticello (State Bar No. 244256)
*rmarticello@raineslaw.com*
Stephen M. Mott (State Bar No. 362642)
*smott@raineslaw.com*
4675 MacArthur Court, Suite 1550
Newport Beach, CA 92660
Telephone: (310) 440-4100
Facsimile: (310) 691-1943

Counsel for Debtor-in-Possession
Conejo Riverside Group, LLC

FILED & ENTERED
AUG 07 2026
CLERK U.S. BANKRUPTCY COURT
Central District of California
BY jle DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT – SANTA ANA DIVISION**

In re:

CONEJO RIVERSIDE GROUP, LLC,

Debtor-in-Possession.

Case No.: 8:26-bk-11647-MH

Chapter: 11

**ORDER GRANTING MOTION PURSUANT TO 11 U.S.C. § 364(b) TO ENTER INTO PREMIUM FINANCE AGREEMENT WITH FIRST INSURANCE FUNDING, A DIVISION OF LAKE FOREST BANK & TRUST COMPANY, N.A.**

Hearing Information:
Date: August 6, 2026
Time: 3:00 p.m.
Ctrm: 6C

At the above date and time, the Court held a hearing on the *Motion Pursuant to 11 U.S.C. § 364(b) to Enter Into Premium Finance Agreement with First Insurance Funding, a Division of Lake Forest Bank & Trust Company, N.A.* filed by Conejo Riverside Group, LLC, the debtor in possession (the "Debtor") in this case. Appearances were as noted on the record. For the reasons set forth in the Motion and on the record,

**IT IS ORDERED AS FOLLOWS:**

1. The Motion is granted;

2. Pursuant to Section 364(c)(2) of the Code, the Debtor is authorized to enter into the Finance Agreement, in the form attached to the Motion as Exhibit 3, and the terms of the Finance Agreement are approved. The Debtor is authorized and directed to timely make all payments under the Finance Agreement, and FIRST is authorized to receive and apply such payments to the Indebtedness as provided in the Finance Agreement;

3. FIRST (or its successor or assigns) is granted a first-priority lien and security interest in the Finance Agreement Collateral and any additional premium required thereunder, including all returned premiums and unearned premiums and all other collateral define in the Finance Agreement. Without limitation, FIRST's liens, security interests and rights relating to the Finance Agreement Collateral granted: (i) are senior to (a) the liens of any lender providing DIP or cash collateral financing in these cases, and (b) to any claims under 11 U.S.C. §§ 503, 506(c) or 507(b); and (ii) shall not be subject to avoidance, priming or surcharge;

4. If additional premiums become due to insurance companies under the Policies in the Finance Agreement, the Debtor and FIRST (or its successor or assigns) are authorized to modify the Finance Agreement as necessary to pay additional premiums, without the necessity of further hearing or order of the Court;

5. FIRST is irrevocably appointed as attorney-in-fact in the event of default under the Finance Agreement. If the Debtor does not timely make payments when due or are otherwise in default under the terms of the Finance Agreement, the stay of Section 362(a) shall automatically lift (without further order of the Court) to enable FIRST and/or third parties, including insurance companies providing coverage under the Financed Policies, to take all steps necessary and appropriate to: (i) cancel the Financed Policies; (ii) collect, recover, or return the Finance Agreement Collateral to FIRST; (iii) apply the Finance Agreement Collateral to the Indebtedness; and (iv) take other remedial actions consistent with the terms of the Finance Agreement and applicable non-bankruptcy law. FIRST and/or third parties, including insurance companies providing coverage under the Financed Policies, exercising such rights shall comply with the notice provisions and other provisions of the Finance Agreement;

6. The Finance Agreement and the liens and security interests in the Finance Agreement Collateral granted to FIRST shall continue in full force and effect and the Indebtedness under the Finance Agreement shall remain owing notwithstanding: (i) the dismissal and/or conversion of the Debtor's case; (ii) the discharge of the Debtor; or (iii) the confirmation of a plan of reorganization or liquidation in the Debtor's case. FIRST is extending credit in good faith and is entitled to the protections of Section 364(e) of the Code;

7. If any Indebtedness remains unpaid after application of the Finance Agreement Collateral, following an event of a default or otherwise, such unpaid amount shall be treated as an administrative expense claim pursuant to Section 503(b)(1) of the Code in the Debtor's case;

8. If there are excess returned premiums, unearned premiums, or other Finance Agreement Collateral after application of the Finance Agreement Collateral to the Indebtedness, following an event of default or otherwise, the excess shall be turned over to the Debtor or any trustee subsequently appointed (under Chapter 7 or 11) for the Debtor;

9. If any insurance company needs to perform an audit on any of the Financed Policies, the Debtor and/or any trustee subsequently appointed (under Chapter 7 or 11) for the Debtor, shall cooperate therewith; and

10. The terms of the Order will be immediately effective and enforceable upon entry and that the Court shall retain jurisdiction with respect to any matters related to the implementation of this Order.

###

Date: August 7, 2026

Mark Houle
United States Bankruptcy Judge