**RAINES FELDMAN LITTRELL LLP**
Kyra E. Andrassy (State Bar No. 207959)
*kandrassy@raineslaw.com*
Robert S. Marticello (State Bar No. 244256)
*rmarticello@raineslaw.com*
Stephen M. Mott (State Bar No. 362642)
*smott@raineslaw.com*
4675 MacArthur Court, Suite 1550
Newport Beach, CA 92660
Telephone: (310) 440-4100
Facsimile: (310) 691-1943

Counsel for Debtor-in-Possession
Cantor Group III, LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>CANTOR GROUP III, LLC,<br><br>Debtor-in-Possession. | Case No.: 8:26-bk-10416-SC<br><br>Chapter 11<br><br>**MOTION TO FURTHER AMEND SCHEDULING ORDER REGARDING DEADLINE TO FILE A DISCLOSURE STATEMENT AND PLAN; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF HOWARD GROBSTEIN IN SUPPORT THEREOF**<br><br>[No Hearing Required Pursuant to Local Bankruptcy Rule 9013-1(o)] |

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, AND CREDITORS ENTITLED TO NOTICE:**

Cantor Group III, LLC, the debtor in this case (the "**Debtor**"), requests that the Scheduling Order entered on May 14, 2026, be further amended to extend the deadline for the Debtor to file its disclosure statement and plan by an additional ninety (90) days. At present, the deadline set by the Court for the Debtor to file its plan is September 9, 2026, subject to further extension for cause shown. The Debtor is informed that its secured lender has no opposition to this request, which is intended to afford the parties additional time to discuss the

course for this case. The Debtor is not seeking an extension of the exclusivity periods. In support of the motion (the "**Motion**"), the Debtor submits the following memorandum of points and authorities and the declaration of Howard Grobstein in support thereof.

## I. <u>BACKGROUND</u>

On February 11, 2026 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned case. The Debtor is operating as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in this case and no official committees have been appointed or designated. On April 17, 2026, RFL substituted in as counsel for the Debtor.

This is a single asset real estate case involving a retail shopping center located at 9618-9622 Garden Grove Blvd., Garden Grove, CA 92844 (the "**Property**"). The Property was appraised in February 2026 by an appraiser retained by former management as having an "as is" market value of $22,240,000. DS PE Holdco II LLC, its secured creditor (the "**Lender**"), asserts it is owed approximately $15.3 million and, based on a broker opinion from a broker, CBRE, that the Property is worth approximately $9.5 million. When the Debtor filed its case, Douglas Wilson was serving as the rents and profits receiver, having been appointed in December. The Debtor filed the case to avoid losing the Property to a foreclosure sale. Mr. Wilson has continued to serve as the receiver although the Lender and the Debtor have been discussing a transition from the Receiver to the Debtor.

The Court previously granted a motion by the Debtor to amend the Court's scheduling order and for an extension of the exclusivity periods, extending the deadline for the Debtor to propose its plan and disclosure statement to September 9, 2026, and the deadline for the Debtor to have the exclusive ability to propose a plan to November 9, 2026. The Court's order was entered on July 15, 2026 (the "**Amended Scheduling Order**").

In recent weeks, the Debtor and the Lender are discussing the direction of this case, because if the Property is truly overencumbered, then the Debtor cannot sell the Property

absent the consent of the Lender. However, the Lender may prefer to have the Debtor sell the Property and, if that is the case, the Debtor will need the Lender to agree to a carve-out for administrative expenses. The Lender has requested financial information to determine how it would prefer to proceed. The Debtor has an application to employ CBRE as its real estate broker prepared, but has not filed it yet pending the outcome of these discussions with the Lender. Given the status of these discussions, the Debtor is not prepared to propose a disclosure statement and plan, and the Lender has indicated that it consents to a further amendment of the Scheduling Order to allow these discussions to continue. At present, the Court is scheduled to hold a hearing on October 14, 2026, at 1:30 p.m. on the Lender's motions to either dismiss the case or for relief from stay and the parties will have made a decision about the direction of the case well before then.

To allow sufficient time for these discussions to occur and for the Property to be listed and marketing begun if that is the course of action agreed to by the Debtor and the Lender, the Debtor is seeking an additional 90-day extension of the deadlines set by the Court.

## II. <u>LEGAL ARGUMENT</u>

The Amended Scheduling Order provides that the Debtor may obtain a further extension of the deadlines "for cause shown." Although the Debtor is not seeking an extension of the exclusivity deadlines, it notes that cause for an extension of those deadlines include the following:

1. The size and complexity of the case;
2. The necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;
3. The existence of good faith progress toward reorganization;
4. The fact that the debtor is paying its bills as they become due;
5. Whether the debtor has demonstrated reasonable prospects for filing a viable plan;
6. Whether the debtor has made progress in negotiations with its creditors;

7. The amount of time which has elapsed in the case;

8. Whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

9. Whether an unresolved contingency exists.

*See In re Dow Corning Corp.*, 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997) (cited with approval by *In re Henry Mayo Newhall Memorial Hosp.*, 282 B.R. 444, 452 (9th Cir. BAP 2002)); *In re Adelphia Comm. Corp.*, 352 B.R. 578, 587 (Bank. S.D.N.Y. 2006); *In re Matter of Friedman's, Inc.*, 336 B.R. 884, 888 (Bankr. S.D. Ga. 2005).

These nine factors are simply a starting point, the debtor need not satisfy every single factor, and courts are free to consider other relevant factors based on the unique facts of this case. *See Adelphia*, 352 B.R. at 583, 587. The decision to grant a request to extend the exclusivity deadlines lies within the sound discretion of the bankruptcy court. *See In re Gibson & Cushman*, 101 B.R. 405, 409 (E.D.N.Y. 1989). "[A] transcendent consideration is whether adjustment of exclusivity will facilitate moving the case forward toward a fair and equitable resolutions." *Henry Mayo*, 282 B.R. at 453.

Here, the Lender and the Debtor are discussing the best path forward for this case given the estimated value from CBRE. In the near term, the Lender will decide if it would prefer to have the Debtor sell the Property or if it would prefer to proceed with its motion to dismiss or its motion for relief from stay. If the Lender elects the former, then whether it makes sense to incur fees, costs, and to expend time preparing a disclosure statement and plan will depend on what the market says the Property is worth. Pending the outcome of these discussions, the Debtor is not prepared to propose a plan and disclosure statement and the Lender does not oppose a further modification of the deadlines set by the Court. The Debtor is not seeking an extension of the exclusivity deadlines but requests a further 90-day continuance of the deadline in the Amended Scheduling Order for the filing of its disclosure statement and plan.

## III. CONCLUSION

WHEREFORE, the Debtor requests that the Court enter an order:

1. Amending the Amended Scheduling Order to provide that the Debtor shall file its disclosure statement and plan on or before December 8, 2026, subject to further extension for cause shown; and

2. Granting such other relief as the Court may deem just and appropriate.

Dated: September 9, 2026

**RAINES FELDMAN LITTRELL LLP**

By: */s/ Kyra E. Andrassy*
Kyra E. Andrassy
Counsel for Cantor Group III, LLC

**DECLARATION OF HOWARD GROBSTEIN**

I, Howard Grobstein, declare as follows:

1. I am the Manager for Cantor Group III, LLC, the debtor and debtor-in-possession in the above captioned case. I know each of the following facts to be true of my own personal knowledge, except as otherwise stated and, if called as a witness, I could and would competently testify with respect thereto. I make this declaration in support of the Debtor's motion to amend the Court's Scheduling Order and to extend the exclusivity deadlines by 90 days (the "**Motion**"). Unless otherwise defined in this declaration, all terms defined in the Motion are incorporated herein by this reference.

2. This is a single asset real estate case involving a retail shopping center located at 9618-9622 Garden Grove Blvd., Garden Grove, CA 92844. The Property was appraised in February 2026 as having an "as is" market value of $22,240,000. I am informed that DS PE Holdco II LLC, its secured creditor, asserts it is owed approximately $15.3 million and based on a broker opinion of value from CBRE, that the Property is worth $9.5 million. When the Debtor filed its case, Douglas Wilson was serving as the rents and profits receiver, having been appointed in December. The Debtor filed the case to avoid losing the Property to a foreclosure sale. Mr. Wilson has continued to serve as the receiver and the Debtor and its secured creditors are in the process of preparing a stipulation under which he will be transitioned out, although the property manager he retained will remain in place.

3. The Court previously granted a motion by the Debtor to amend the Court's scheduling order and for an extension of the exclusivity periods, extending the deadline for the Debtor to propose its plan and disclosure statement to September 9, 2026, and the deadline for the Debtor to have the exclusive ability to propose a plan to November 9, 2026. The Amended Scheduling Order was entered on July 15, 2026.

4. In recent weeks, the Debtor and the Lender have been discussing the direction of this case, because if the Property is truly overencumbered, then the Debtor cannot sell the

Property absent the consent of the Lender. However, the Lender may prefer to have the Debtor sell the Property and, if that is the case, the Debtor will need the Lender to agree to a carve-out for administrative expenses. The Lender has requested financial information to determine how it would prefer to proceed. The Debtor has an application to employ CBRE as its real estate broker prepared, but has not filed it yet pending the outcome of these discussions with the Lender. Given the status of these discussions, the Debtor is not prepared to propose a disclosure statement and plan, and the Lender has indicated that it consents to a further amendment of the Scheduling Order to allow these discussions to continue. At present, the Court is scheduled to hold a hearing on October 14, 2026, at 1:30 p.m. on the Lender's motions to either dismiss the case or for relief from stay and the parties will have made a decision about the direction of the case well before then.

5. To allow sufficient time for these discussions to occur and for the Property to be listed and marketing begun if that is the course of action agreed to by the Debtor and the Lender, the Debtor is seeking an additional 90-day extension of the deadlines set by the Court.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed on September 8 2026, at Woodland Hills, California.

Howard Grobstein

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
4675 MacArthur Court, Suite 1550, Newport Beach, CA 92660

A true and correct copy of the foregoing document entitled (*specify*): **MOTION TO FURTHER AMEND SCHEDULING ORDER REGARDING DEADLINE TO FILE A DISCLOSURE STATEMENT AND PLAN; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF HOWARD GROBSTEIN IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **September 9, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **September 9, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **September 9, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Federal Express**
Hon. Scott C. Clarkson
U.S. Bankruptcy Court
Ronald Reagan Federal Building
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 9, 2026 | Connie-Marie Santiago | /s/ Connie-Marie Santiago |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **Kyra E Andrassy** kandrassy@raineslaw.com, bclark@raineslaw.com;csantiago@raineslaw.com
- **Eric D Goldberg** eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **David B Golubchik** dbg@lnbyg.com, dbg@lnbyg.com
- **Steven T Gubner** sgubner@bg.law, ecf@bg.law
- **Ira David Kharasch** ikharasch@pszjlaw.com
- **Kenneth Misken** Kenneth.M.Misken@usdoj.gov
- **Jennifer L Nassiri** JNassiri@sheppardmullin.com, xmaurice@sheppardmullin.com
- **David M Poitras** dpoitras@bg.law
- **Joseph M Rothberg** jmr@lnbyg.com, jmr.LNBYG@ecf.inforuptcy.com
- **United States Trustee (SA)** ustpregion16.sa.ecf@usdoj.gov
- **Christopher A Ward** cward@lowenstein.com, lsuprum@lowenstein.com

2. **SERVED BY UNITED STATES MAIL**:

Amir Gamliel
Ashurst Perkins Coie
1999 Avenue of the Stars, Suite 1000
Los Angeles, CA 90067-1721