**PACHULSKI STANG ZIEHL & JONES LLP**
Ira D. Kharasch (State Bar No. 109084)
Cia H. Mackle (*Admitted Pro Hac Vice*)
Brooke E. Wilson (State Bar No. 354614)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: ikharasch@pszjlaw.com
cmackle@pszjlaw.com
bwilson@pszjlaw.com

Counsel to the Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>**ANDREW STUPIN and JULIE STUPIN,**<br><br>Debtors and Debtors in Possession. | Case No. 8:26-bk-11202-SC<br><br>Chapter 11<br><br>**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF IRA D. KHARASCH FILED CONCURRENTLY HEREWITH**<br><br>**[LBR 9013-1(o)]**<br><br>**[No Hearing Required Unless Requested in Writing]** |

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 case of Andrew Stupin and Julie Stupin (the "Debtors") hereby moves the Court for entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, pursuant to sections 105(a), 330, and 331 of title 11 of the United States Code (the "Bankruptcy Code"),[1] Rule

[1] Unless otherwise noted, all statutory references are to the Bankruptcy Code.

2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1(b) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California (the "Local Bankruptcy Rules"), establishing procedures for professionals who are employed or may be employed pursuant to orders of the Court (each an "Estate Professional") to (i) receive monthly payments on account of fees earned and costs incurred in connection with the Debtors' bankruptcy case and (ii) file periodic applications for approval of interim fees and reimbursement of expenses incurred pursuant to section 331 of the Bankruptcy Code. In support of this motion (the "Motion"), the Committee submits the declaration of Ira D. Kharasch (the "Kharasch Declaration"), filed concurrently herewith, and states as follows:

## I.

## JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the district court's general order of reference. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is proper under 28 U.S.C. § 1408.

Pursuant to Local Bankruptcy Rule 9013-1(c)(4), the Committee does not object to this Court's authority to enter a final order on the Motion.

## II.

## BACKGROUND

### A. General Background

On April 17, 2026, the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing this chapter 11 case (the "Chapter 11 Case") in the United States Bankruptcy Court for the Central District of California (the "Court"). The Debtors remain in possession of their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, and no trustee or examiner has been appointed. On May 21, 2026, the United States trustee appointed the Committee pursuant to section 1102. *See* Docket No. 62.

### B. The Need for Interim Fee Procedures

Given the size and complexity of the Chapter 11 Case, the Debtors and Committee require the assistance of certain professionals to manage the Chapter 11 Case efficiently and effectively.

The Debtors have filed separate applications with the Court to employ and retain a number of professionals, including, (i) Levene, Neale, Bender, Yoo & Golubchik ("LNBYG"), as general bankruptcy counsel, (ii) Force Ten Advisors, LLC ("Force 10"), as financial advisor, (iii) Kendall Brill & Kelly LLP ("KBK"), as special white-collar and investigations counsel; (iv) Hochman Salkin Toscher Perez P.C., as special tax counsel; and (v) RRBB Advisors, LLC, as accountants (collectively, the "Debtor Professionals"). In addition, the Committee has filed applications to employ and retain Pachulski Stang Ziehl & Jones LLP ("PSZJ") as counsel to the Committee, which was approved by order entered July 17, 2026 [Docket No. 212] (the "PSZJ Employment Order"), and FTI Consulting, Inc., ("FTI") as financial advisor to the Committee, which was approved by order entered August 12, 2026 [Docket No. 289] (collectively, the "Committee Professionals").

The Estate Professionals' fees in the Chapter 11 Case may be significant. Implementation of a procedure for paying and monitoring interim compensation on a monthly basis will allow parties in interest – and in particular the Debtors and Committee – to obtain qualified assistance and guidance, as well as to monitor and control professional fees and costs for the benefit of the estate.

In addition, if the Estate Professionals in the Chapter 11 Case are required to wait an extended period of time for payment and reimbursement, the Estate Professionals will essentially be compelled to finance the Chapter 11 Case. Several of the Estate Professionals are special counsel and advisors with specialized knowledge and skills critical to the successful outcome of this Chapter 11 Case. Because these advisors do not customarily represent debtors in possession or official committees, the timing for payment of compensation provided under section 331 of the Bankruptcy Code, without modification by these proposed procedures, could present significant hardship to them.

The procedures set forth in this Motion are designed to balance the interests of the Estate Professionals with the Court's and creditors' interests in assuring that fees are only paid after appropriate notice and an opportunity for a hearing. As set forth herein, the proposed interim fee procedures are consistent with procedures implemented in other bankruptcy cases. Further, no interim compensation procedures are currently in place in the Chapter 11 Case. To the Committee's knowledge, no Estate Professional has previously sought or obtained an order establishing

procedures for interim compensation, and no such motion is pending.

## III.

## PROPOSED INTERIM COMPENSATION PROCEDURES

17. The Committee believes that establishing orderly procedures to pay the Estate Professionals will streamline the administration of this Chapter 11 Case and otherwise promote efficiency for the Court, the Office of the United States Trustee (the "U.S. Trustee"), and all parties in interest. A streamlined process for serving interim and monthly fee applications and notices thereof is in the best interest of the estate because it will facilitate efficient review of, and enable parties to more easily monitor, the Estate Professionals' fees and expenses incurred in this Chapter 11 Case, while saving the estate unnecessary copying and mailing expenses, and allow the estate to manage its budget and financing needs. Accordingly, the Committee proposes that the payment of compensation and reimbursement of expenses of each Estate Professional be structured as follows (the "Interim Compensation Procedures"):

***Monthly Fee Statements***

(a) On or before the 20th day of each calendar month, each Estate Professional may file a monthly fee statement seeking interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding calendar month (a "Monthly Fee Statement"). Estate Professionals may submit the first Monthly Fee Statement, covering the period from the Petition Date through August 31, 2026 (so long as no appeal of an order approving the Motion has been taken), on or after entry of an order granting this Motion.

(b) Each Monthly Fee Statement must be served on the following parties (collectively the "Notice Parties") with service via email, if available, being sufficient:

(i) The Debtors, c/o Levene, Neale, Bender, Yoo& Golubchik L.L.P., 2818 La Cienega Avenue, Los Angeles, CA 90034 (Attn: David Golubchik (dbg@lnbyg.com) and Brian Weiss (bweiss@force10partners.com));

(ii) Counsel to the Debtors, Levene, Neale, Bender, Yoo& Golubchik L.L.P., 2818 La Cienega Avenue, Los Angeles, CA 90034 (Attn: David Golubchik (dbg@lnbyg.com), Carmela Pagay (ctp@lnbyg.com), and Joseph M Rothberg (jmr@lnbyg.com));

(iii) Office of the United States Trustee, 411 W. Fourth St., #7160, Ste 7160, Santa Ana, CA 92701 (Attn: Kenneth Misken (Kenneth.M.Misken@usdoj.gov));

(iv) Counsel to the Committee, Pachulski Stang Ziehl & Jones, LLP, 10100 Santa Monica Blvd Ste 1300, Los Angeles, CA 90067 (Attn: Ira Kharasch (ikharasch@pszjlaw.com), Cia Mackle (cmackle@pszjlaw.com), and Brooke Wilson (bwilson@pszjlaw.com); and

(v) Any other party in interest that files and serves a written request to receive Monthly Fee Statements.

(c) Each Monthly Fee Statement shall seek payment of interim compensation in an amount equal to 80% of the fees sought and 100% of the expenses incurred during the prior month and shall indicate the amount requested, the total time expended, the names of the individuals who performed the services, and the hourly billing rate for each such individual. Each Monthly Fee Statement shall be accompanied by a detailed listing of the time expended by the individuals who performed the services and the costs incurred during the pertinent month in accordance with the Local Bankruptcy Rules and the *Guidelines for Reviewing the Application for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330*. A proposed form for the Monthly Fee Statement is annexed to the Proposed Order as Exhibit 1.

(d) Any objection (an "Objection") to the payment of fees or reimbursement of expenses in a Monthly Fee Statement must be filed with the Court and served on the Estate Professional whose Monthly Fee Statement is the subject of the objection and the Notice Parties within fourteen (14) calendar days of the date the Monthly Fee Statement was physically or electronically mailed, as applicable (the "Objection Period").

(e) Upon expiration of the Objection Period, an Estate Professional may file a declaration of service ("DOS") with the Court with respect to any fees and expenses not subject to objection. The DOS must attest that (i) no timely written Objection was served upon the applicable Estate Professional on or before the Objection Deadline, and (ii) the declarant has checked the docket of the Chapter 11 Case and no written objection was timely filed. After an Estate Professional files a DOS, the Debtors will promptly pay 80% of the fees and 100% of the expenses requested in the Monthly Fee Statement that are not subject to a timely Objection, without further order of the Court, provided that the Debtors have sufficient operating cash.[2]

(f) Where a timely Objection is served, only the disputed portion of the requested amount shall be withheld, and the undisputed balance may be paid at the rates set forth in subparagraph (e). The affected Estate Professional and the objecting party shall use reasonable efforts to resolve the Objection consensually. Any unresolved disputed amount shall be reserved for determination in connection with the next interim fee application of the affected Estate Professional or by separate motion.

[2] An Estate Professional has the right to dispute whether the Debtors have sufficient operating cash.

***Interim Fee Applications***

(g) At four-month intervals, or such other intervals convenient to the Court, each Estate Professional may file with the Court an application (an "Interim Fee Application") for interim approval and allowance of compensation and reimbursement of expenses sought by such Estate Professional in its Monthly Fee Statements, including any holdbacks, filed during the preceding interim period (the "Interim Fee Period").

(h) The Interim Fee Application will include a brief description identifying the following:

(1) the Monthly Fee Statements that are the subject of the request;

(2) the amount of fees and expenses requested;

(3) the amount of fees and expenses paid to date or subject to an objection;

(4) the deadline for parties to file objections to the Interim Fee Application (the "Additional Objections"); and

(5) any other information requested by the Court or required by the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, or the Fee Guidelines.

(i) Additional Objections to any Interim Fee Application must be filed in accordance with the Local Bankruptcy Rules.

(j) Each Estate Professional will properly serve its Interim Fee Application and final fee application upon the Notice Parties. Each Estate Professional will properly serve a notice of hearing on its Interim Fee Application and final fee application on all parties that have requested notice in this Chapter 11 Case pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors or Committee may serve an omnibus notice of hearing on the Interim Fee Applications in lieu of separates notices of hearing. No further notice shall be necessary.

(k) The Debtors or Committee may request that the Court schedule a hearing on Interim Fee Applications at least once every four months or at such other intervals as the Court deems appropriate. If no Objections are pending and no Additional Objections are timely filed, the Court may approve an Interim Fee Application without a hearing. A pending objection to compensation or reimbursement of any Estate Professional does not disqualify a Estate Professional from future compensation or reimbursement.

(l) Any Estate Professional that fails to file a Monthly Fee Statement or an Interim Fee Application when permitted will not receive further interim compensation or reimbursement until the Estate Professional submits any outstanding Monthly Fee Statements or such compensation is approved pursuant to an Interim Fee Application. There are no other penalties for failing to file a Monthly Fee Statement or Interim Fee Application.

(m) Neither (i) the payment of, or the failure to pay, in whole or in part, any interim compensation and reimbursement to a Estate Professional nor (ii) the filing of, or failure to file an objection, will bind any party in interest or the Court with respect to the final allowance of any compensation of fees for services rendered or reimbursement of expenses incurred. All fees and expenses paid to Estate Professionals under these Interim Compensation Procedures are subject to disgorgement until final allowance by the Court.

(n) No Estate Professional may serve a Monthly Fee Statement or file an Interim Fee Application until the Court enters an order approving the retention of such Professional pursuant to §§ 327 or 1103 of the Bankruptcy Code.

(o) The Interim Compensation Procedures may be modified upon motion of any Estate Professional or party in interest under LBR 2016-1(b) and LBR 9013-1, or upon further order of the Court.

**IV.**

**BASIS FOR RELIEF**

Section 331 of the Bankruptcy Code provides for the payment of interim compensation for professionals retained by debtors in possession and creditors' committees and permits such professionals to apply for interim compensation every one-hundred and twenty days. It provides:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331 (emphasis added).

However, recognizing a need in more complex cases for more frequent applications, courts in this circuit, as well as the Local Rules, have made clear that interim payments for professionals on a more frequent basis, including on a monthly basis, are entirely appropriate. *See e.g.*, *United States Trustee v. Knudsen Corp. (In re Knudsen Corp.)*, 84 B.R. 668, 672-73 (B.A.P. 9th Cir. 1988); *In re The Original Mowbray's Tree Service, Inc.*, No. 24-12674 (TA) (Bankr. C.D. Cal. Apr. 1, 2025) [Docket No. 388] (approving interim compensation procedures providing for monthly fee statements); *In re Irwon Naturals*, No. 24-11323 (VK) (Bankr. C.D. Cal. Nov. 7, 2024) [Docket No.

214] (same); *see also* Local Bankruptcy Rule 2016-1(b) (providing that professionals employed in a chapter 11 case "may request approval for and modifications of draw-down procedures and an order allowing payment of interim compensation more frequently than once every 120 days"); *In re Commercial Consortium of California*, 135 B.R. 120, 123 (Bankr. C.D. Cal. 1991) (citations omitted) (recognizing that "[p]rofessionals in bankruptcy cases are entitled to be paid on a comparable basis to other privately retained counsel, both in terms of timeliness and amount of payment").

In *Knudsen*, the court observed that one cannot ignore "the problem . . . that when counsel must wait an extended period for payment, counsel is essentially compelled to finance the reorganization. This result is improper and may discourage qualified practitioners from participating in bankruptcy cases; a result that is clearly contrary to Congressional intent." *Knudsen*, 84 B.R. at 672. The *Knudsen* court identified four criteria to be applied in evaluating whether to adopt such a procedure:

> 1. The case is an unusually large one in which an exceptionally large amount of fees accrue each month;
>
> 2. The court is convinced that waiting an extended period for payment would place an undue hardship on counsel;
>
> 3. The court is satisfied that counsel can respond to any reassessment in one or more of the ways listed above; and
>
> 4. The fee retainer procedure is, itself, the subject of a noticed hearing prior to any payment thereunder.

Here, the *Knudsen* factors weigh in favor of approval of the Interim Compensation Procedures. The size of this Chapter 11 Case and the amount of time and effort that will be required from the Estate Professionals to effectuate a successful outcome justify approval of the Interim Compensation Procedures requested herein. This Chapter 11 Case is large. The Debtors commenced this Chapter 11 Case with approximately $70 million in estimated scheduled liabilities, plus significant additional disputed, contingent, and unliquidated claims. (Karasch Decl. at ¶ 5; *see also* Docket No. 68 at 1). The Debtor's real estate holdings, held directly or indirectly through limited liability companies and limited partnership, are robust. (Karasch Decl. at ¶ 5). The Debtors and

Committee are working on the real estate sale process and will be developing a chapter 11 plan, which involves complex issues and requires significant professional services on a regular basis to ensure that the real estate sale process and plan are both feasible and in the best interests of all stakeholders.

Moreover, the proposed Interim Compensation Procedures are necessary to ensure that Estate Professionals are fairly and timely compensated for their services in this Chapter 11 Case and are not forced to bear undue financial burden or risk caused by delays in payment. In addition, the proposed Interim Compensation Procedures will enable the Committee, Debtors, and other parties in interest to monitor the costs of administration, forecast cash flows, and implement efficient cash management procedures and budgeting. Notably, the proposed Interim Compensation Procedures provide an Objection Period for parties in interest to object to a Monthly Fee Statement, and provide that all fees and expenses are subject to disgorgement until final allowance by the Court. Furthermore, absent streamlined compensation procedures, the professional fee application and review process could be unduly burdensome on the Debtors, Committee, the Estate Professionals, the Court, and other parties, and/or could result in the accumulation of unbudgeted administrative expenses.

At bottom, the proposed Interim Compensation Procedures alleviate the financial burden on the professionals employed in the Case, complies with the requirements of section 331 of the Bankruptcy Code, satisfies the *Knudsen* factors, and accords with procedures approved by courts in this district. Accordingly, the Committee respectfully submits that the Interim Compensation Procedures should be approved.

## V.

## NOTICE

In accordance with LBR 9013-1(o)(1)(A)(iii), the Notice of Opportunity to Request a Hearing on Motion will be filed with the Court and served on all creditors and other parties in interest entitled to notice of this matter. In accordance with LBR 9013-1(o)(1)(B), this Motion and the Kharasch Declaration will be filed with that notice and served on the United States Trustee and on those parties directly affected by the relief requested, including the Debtors, counsel to the

Debtors, the Committee, and each other Estate Professional.

## VI.

## CONCLUSION

WHEREFORE, the Committee respectfully requests that the Court enter the Proposed Order (i) granting this Motion, (ii) approving the Interim Compensation Procedures, and (iii) granting such other and further relief as the Court deems just and proper.

Dated: September 3, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

By: */s/ Ira D. Kharasch*
Ira D. Kharasch
Cia H. Mackle
Brooke E. Wilson

Counsel to the Official Committee of Unsecured Creditors

# EXHIBIT A

**PACHULSKI STANG ZIEHL & JONES LLP**
Ira D. Kharasch (State Bar No. 109084)
Cia H. Mackle (*Admitted Pro Hac Vice*)
Brooke E. Wilson (State Bar No. 354614)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: ikharasch@pszjlaw.com
cmackle@pszjlaw.com
bwilson@pszjlaw.com

Counsel to the Official Committee
of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>**ANDREW STUPIN and JULIE STUPIN,**<br><br>Debtors and Debtors in Possession. | Case No. 8:26-bk-11202-SC<br><br>Chapter 11<br><br>**[PROPOSED] ORDER GRANTING MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS** |

Upon consideration of the *Motion of the Official Committee of Unsecured Creditors for Entry of an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "Motion")[1] and notice thereof (the "Notice"), filed by the Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 case of Andrew Stupin and Julie Stupin (the "Debtors"); no opposition to or request for a hearing on the Motion or Notice having been filed or served; the Court having reviewed the Motion and Notice and papers filed in support thereof; and the Court having found that (i) the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); and (iv) notice of the Motion was sufficient under the circumstances and no other notice need by provided; and after due deliberation the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, the estate, and their creditors; and good and sufficient cause having been shown;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted, as provided herein.

2. Except as may otherwise be provided by orders of this Court authoring the retention of specific professions, all Estate Professionals may seek interim payment of compensation and reimbursement of expenses in accordance with the following Interim Compensation Procedures:

***Monthly Fee Statements***

(a) On or before the 20th day of each calendar month, each Estate Professional may file a monthly fee statement seeking interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding calendar month (a "Monthly Fee Statement"). Estate Professionals may submit the first Monthly Fee Statement, covering the period from the Petition Date through August 31, 2026 (so long as no appeal of an order approving the Motion has been taken), on or after entry of an order granting this Motion.

(b) Each Monthly Fee Statement must be served on the following parties (collectively the "Notice Parties") with service via email, if available, being sufficient:

(i) The Debtors, c/o Levene, Neale, Bender, Yoo& Golubchik L.L.P., 2818 La Cienega Avenue, Los Angeles, CA 90034 (Attn: David Golubchik (dbg@lnbyg.com) and Brian Weiss (bweiss@force10partners.com));

(ii) Counsel to the Debtors, Levene, Neale, Bender, Yoo& Golubchik L.L.P., 2818 La Cienega Avenue, Los Angeles, CA 90034 (Attn: David Golubchik (dbg@lnbyg.com), Carmela Pagay (ctp@lnbyg.com), and Joseph M Rothberg (jmr@lnbyg.com));

(iii) Office of the United States Trustee, 411 W. Fourth St., #7160, Ste 7160, Santa Ana, CA 92701 (Attn: Kenneth Misken (Kenneth.M.Misken@usdoj.gov));

(iv) Counsel to the Committee, Pachulski Stang Ziehl & Jones, LLP, 10100 Santa Monica Blvd Ste 1300, Los Angeles, CA 90067 (Attn: Ira Kharasch (ikharasch@pszjlaw.com), Cia Mackle (cmackle@pszjlaw.com), and Brooke Wilson (bwilson@pszjlaw.com); and

(v) Any other party in interest that files and serves a written request to receive Monthly Fee Statements.

(c) Each Monthly Fee Statement shall seek payment of interim compensation in an amount equal to 80% of the fees sought and 100% of the expenses incurred during the prior month and shall indicate the amount requested, the total time expended, the names of the individuals who performed the services, and the hourly billing rate for each such individual. Each Monthly Fee Statement shall be accompanied by a detailed listing of the time expended by the individuals who performed the services and the costs incurred during the pertinent month in accordance with the Local Bankruptcy Rules and the *Guidelines for Reviewing the Application for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330*. A proposed form for the Monthly Fee Statement is annexed hereto as Exhibit 1.

(d) Any objection (an "Objection") to the payment of fees or reimbursement of expenses in a Monthly Fee Statement must be filed with the Court and served on the Estate Professional whose Monthly Fee Statement is the subject of the objection and the Notice Parties within fourteen (14) calendar days of the date the Monthly Fee Statement was physically or electronically mailed, as applicable (the "Objection Period").

(e) Upon expiration of the Objection Period, an Estate Professional may file a declaration of service ("DOS") with the Court with respect to any fees and expenses not subject to objection. The DOS must attest that (i) no timely written Objection was served upon the applicable Estate Professional on or before the Objection Deadline, and (ii) the declarant has checked the docket of the Chapter 11 Case and no written objection was timely filed. After an Estate Professional files a DOS, the Debtors will promptly pay 80% of the fees and 100% of the expenses requested in the Monthly Fee Statement that are not subject to a timely Objection, without further order of the Court, provided that the Debtors have sufficient operating cash.[2]

(f) Where a timely Objection is served, only the disputed portion of the requested amount shall be withheld, and the undisputed balance may be paid at the rates set forth in subparagraph (e). The affected Estate Professional and the objecting party shall use reasonable efforts to resolve the Objection consensually. Any unresolved disputed amount shall be reserved for determination in connection with the next interim fee application of the affected Estate Professional or by separate motion.

***Interim Fee Applications***

(g) At four-month intervals, or such other intervals convenient to the Court, each Estate Professional may file with the Court an application (an "Interim Fee Application") for interim approval and allowance of compensation and reimbursement of expenses sought by such Estate Professional in its Monthly Fee Statements, including any holdbacks, filed during the preceding interim period (the "Interim Fee Period").

[2] An Estate Professional has the right to dispute whether the Debtors have sufficient operating cash.

(h) The Interim Fee Application will include a brief description identifying the following:

(1) the Monthly Fee Statements that are the subject of the request;

(2) the amount of fees and expenses requested;

(3) the amount of fees and expenses paid to date or subject to an objection;

(4) the deadline for parties to file objections to the Interim Fee Application (the "Additional Objections"); and

(5) any other information requested by the Court or required by the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, or the Fee Guidelines.

(i) Additional Objections to any Interim Fee Application must be filed in accordance with the Local Bankruptcy Rules.

(j) Each Estate Professional will properly serve its Interim Fee Application and final fee application upon the Notice Parties. Each Estate Professional will properly serve a notice of hearing on its Interim Fee Application and final fee application on all parties that have requested notice in this Chapter 11 Case pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors or Committee may serve an omnibus notice of hearing on the Interim Fee Applications in lieu of separates notices of hearing. No further notice shall be necessary.

(k) The Debtors or Committee may request that the Court schedule a hearing on Interim Fee Applications at least once every four months or at such other intervals as the Court deems appropriate. If no Objections are pending and no Additional Objections are timely filed, the Court may approve an Interim Fee Application without a hearing. A pending objection to compensation or reimbursement of any Estate Professional does not disqualify a Estate Professional from future compensation or reimbursement.

(l) Any Estate Professional that fails to file a Monthly Fee Statement or an Interim Fee Application when permitted will not receive further interim compensation or reimbursement until the Estate Professional submits any outstanding Monthly Fee Statements or such compensation is approved pursuant to an Interim Fee Application. There are no other penalties for failing to file a Monthly Fee Statement or Interim Fee Application.

(m) Neither (i) the payment of, or the failure to pay, in whole or in part, any interim compensation and reimbursement to a Estate Professional nor (ii) the filing of, or failure to file an objection, will bind any party in interest or the Court with respect to the final allowance of any compensation of fees for services rendered or reimbursement of expenses incurred. All fees and expenses paid to Estate Professionals under these Interim Compensation Procedures are subject to disgorgement until final allowance by the Court.

(n) No Estate Professional may serve a Monthly Fee Statement or file an Interim Fee Application until the Court enters an order approving the retention of such Professional pursuant to §§ 327 or 1103 of the Bankruptcy Code.

(o) The Interim Compensation Procedures may be modified upon motion of any Estate Professional or party in interest under LBR 2016-1(b) and LBR 9013-1, or upon further order of the Court.

3. The Debtors shall include all payments to Estate Professionals on their monthly operating reports, detailed so as to state the amount paid to each Estate Professional.

4. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

5. The Committee shall serve a copy of this Order on each Estate Professional.

6. Notice of hearings to consider Interim Fee Applications and final fee applications shall be limited to the Notice Parties and any party who files a notice of appearance and requests notice in the Chapter 11 Case.

7. Nothing contained in the Motion or this Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors', Committee's, or any appropriate party in interest's rights to dispute any claim; (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder; or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

8. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any party.

9. The Debtors and Committee are authorized to take all steps necessary or appropriate to carry out this Order.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

###

# EXHIBIT 1

**PACHULSKI STANG ZIEHL & JONES LLP**
Ira D. Kharasch (State Bar No. 109084)
Cia H. Mackle (*Admitted Pro Hac Vice*)
Brooke E. Wilson (State Bar No. 354614)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: ikharasch@pszjlaw.com
cmackle@pszjlaw.com
bwilson@pszjlaw.com

Counsel to the Official Committee of
Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>**ANDREW STUPIN and JULIE STUPIN,**<br><br>Debtors and Debtors in Possession. | Case No. 8:26-bk-11202-SC<br><br>Chapter 11<br><br>**MONTHLY FEE STATEMENT OF [NAME OF PROFESSIONAL] FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF ___________ THROUGH __________**<br><br>**Objection Deadline: _________** |

[Name of Professional] (the "**Firm**") hereby files its monthly fee statement (the "**Monthly Fee Statement**") for the period commencing _________ through and including _________ (the "**Application Period**") for work performed for _____________ in the above-captioned case pursuant to the *Order Granting Motion of the Official Committee of Unsecured Creditors for Entry of an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. • ] (the "Interim Compensation Order").[1] In support of the

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Interim Compensation Order.

Monthly Fee Statement, the Firm respectfully represents as follows:

1. The Firm is employed as ________________ to ______________, pursuant to Order entered on ______________ [Docket No. __].

2. During the Application Period, the Firm billed a total of $_______ in fees and expenses. The total fees represent ____ hours expended during the Application Period. These fees and expenses break down as follows:

| **Period** | **Fees** | **Expenses** | **Total** |
|---|---|---|---|
| | $ | $ | $ |

3. By this Monthly Fee Statement, the Firm seeks (i) allowance of compensation for services rendered during the Application Period in the amount of $____, and actual and necessary expenses incurred during the Application Period in the amount of $____, for a total allowance of $___, and (ii) authorization of payment of $____ (80% of the allowed fees pursuant to the Interim Compensation Order) and reimbursement of $____ (100% of the allowed expenses pursuant to the Interim Compensation Order) for a total payment of $____ for the Application Period.

4. For the postpetition period, the Firm has been paid to date as follows:

| **Application Period** | **Amount** | **Description** |
|---|---|---|
| First (___________ - ___________) | $ | 80% of fees and 100% of expenses |
| Second (__________ - __________) | $ | 80% of fees and 100% of expenses |
| **Total Paid To The Firm To Date** | **$** | |

5. To date, the Firm is owed as follows (excluding amounts owed pursuant to this Monthly Fee Statement):

| **Application Period** | **Amount** | **Description** |
|---|---|---|
| First (_________ - __________) | $ | 20% fee holdback |
| Second (_________ - __________) | $ | 20% fee holdback |
| **Total Owed To the Firm To Date** | **$** | |

6. Attached as **Exhibit A** is the name of each professional who performed services in connection with this case during Application Period and the hourly rate for each such professional. Attached as **Exhibit B** are the detailed time and expense statements for the Application Period.

7. In accordance with the Interim Compensation Order, responses or objections to the Monthly Fee Statement, if any, must be filed and served on the Firm on or before the 14th day (or the next business day if such day is not a business day) following the date the Monthly Fee Statement is served (the "**Objection Deadline**").

8. Upon expiration of the Objection Deadline, the Firm will file a declaration of service, after which the Debtors are authorized to pay the Firm an amount equal to 80% of the fees and 100% of the expenses requested in this Monthly Fee Statement. If an objection is filed, the Debtors are authorized to pay 80% of the uncontested fees and 100% of the uncontested expenses upon the filing of a declaration of service.

9. Neither (i) the payment of, or the failure to pay, in whole or in part, interim compensation and reimbursement nor (ii) the filing of, or failure to file an objection, will bind any party in interest or the Court with respect to the final allowance of any compensation of fees for services rendered or reimbursement of expenses incurred. All fees and expenses paid are subject to disgorgement until final allowance by the Court.

Dated: ___________ [FIRM NAME]

________________________________________
By:
[Individual]

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10100 Santa Monica Blvd., 13th Fl., Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF IRA D. KHARASCH FILED CONCURRENTLY HEREWITH** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **September 3, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) **September 3, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **September 3, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA OVERNIGHT MAIL**
Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130 / Courtroom
5C Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 3, 2026 | Nancy H. Brown | */s/ Nancy H. Brown* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF): Case 8:26-bk-11202-SC**

- **Scott R Albrecht** salbrecht@gsaattorneys.com, jackie.nguyen@sgsattorneys.com
- **Kyra E Andrassy** kandrassy@raineslaw.com, bclark@raineslaw.com;csantiago@raineslaw.com
- **Raymond H. Aver** ray@averlaw.com, averlawfirm@gmail.com;ani@averlaw.com;katya@averlaw.com;jesus@averlaw.com
- **Jessica L Bagdanov** jbagdanov@bg.law, ecf@bg.law
- **John Bistritz** jack.bistritz@afslaw.com
- **Michael E Bubman** mbubman@mbn.law, aacosta@mbnlawyers.com
- **Greg P Campbell** ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- **Steven Casselberry** Steve.Casselberry@procopio.com, jessica.perez@procopio.com;emily.marsh@procopio.com;calendaringbankruptcy@procopio.com;evangelina.myers@procopio.com;lauren.hill@procopio.com
- **David Coats** dacoats@raslg.com
- **Marcus Colabianchi** mcolabianchi@duanemorris.com, marcus-colabianchi-2595@ecf.pacerpro.com
- **Michael G D'Alba** mgd@lnbyg.com
- **Ryan J DeRose** ryan@parkandlim.com, cathy@parkandlim.com
- **Dora Duru** dora.duru@bclplaw.com, verlisa.lewis@bclplaw.com,dora-duru-0321@ecf.pacerpro.com
- **Amir Gamliel** amir.gamliel@ashurstperkins.com, cmallahi@perkinscoie.com;DocketLA@perkinscoie.com
- **Craig S Ganz** ganzc@ballardspahr.com, BKTDocket_West@ballardspahr.com;phxlsateam@ballardspahr.com
- **Nichole Glowin** bankruptcy@zbslaw.com, nglowin@ecf.courtdrive.com
- **Robert P Goe** rgoe@goeforlaw.com, kmurphy@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
- **David B Golubchik** dbg@lnbyg.com, dbg@lnbyg.com
- **Arnold L Graff** agraff@wrightlegal.net, nvbkfiling@wrightlegal.net;jpowell@wrightlegal.net
- **Adam M Greely** agreely@fbfk.law, dstolar@vrslaw.net
- **Steven T Gubner**
- **Steven T Gubner** sgubner@bg.law, ecf@bg.law
- **Sarah Rose Hasselberger** shasselberger@marshackhays.com, shasselberger@ecf.courtdrive.com;cbastida@marshackhays.com;alinares@ecf.courtdrive.com
- **Golsa Honarfar** ghonarfar@rutan.com, dmircheff@rutan.com
- **Mark S Horoupian** mark.horoupian@gmlaw.com, mhoroupian@ecf.courtdrive.com;cheryl.caldwell@gmlaw.com;karen.files@gmlaw.com;courtmail@gmlaw.com
- **Robert B. Kaplan** rkaplan@jeffer.com, rbk@ecf.courtdrive.com
- **Lior Katz** lior@katzlaw.com
- **Ira David Kharasch** ikharasch@pszjlaw.com
- **Daniel A Lev** daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com;courtmail@gmlaw.com
- **Marc A Lieberman** marc.lieberman@flpllp.com, addy@flpllp.com,ethan@flpllp.com
- **Aaron J Malo** amalo@sheppardmullin.com, hudenka@sheppard.com;mlinker@sheppard.com
- **Sam Maralan** sm@maralanlaw.com
- **Matthew J Marino** mmarino@allenmatkins.com, csandoval@allenmatkins.com
- **Elissa Miller** elissa.miller@gmlaw.com, emillersk@ecf.courtdrive.com;cheryl.caldwell@gmlaw.com;courtmail@gmlaw.com
- **Kenneth Misken** Kenneth.M.Misken@usdoj.gov
- **John A Moe** john.moe@dentons.com, kathryn.howard@dentons.com;derry.kalve@dentons.com;DOCKET.GENERAL.LIT.LOS@dentons.com
- **Michael S Myers** myersm@ballardspahr.com, BKTDocket_West@ballardspahr.com;phxlsateam@ballardspahr.com
- **Alan I Nahmias** anahmias@mbn.law, jdale@mbn.law
- **Aram Ordubegian** ordubegian.aram@arentfox.com
- **Carmela Pagay** ctp@lnbyg.com
- **David M Poitras** dpoitras@bg.law
- **Thomas J Polis** tom@polis-law.com, paralegal@polis-law.com;r59042@notify.bestcase.com
- **Joseph M Rothberg** jmr@lnbyg.com, jmr.LNBYG@ecf.inforuptcy.com
- **Joshua L Scheer** jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
- **Daren M Schlecter** daren@schlecterlaw.com, assistant@schlecterlaw.com
- **Zev Shechtman** Zev.Shechtman@saul.com, Zev.Shechtman@ecf.courtdrive.com;hannah.richmond@saul.com;LitigationDocketing@saul.com;Shelly.Guise@saul.com;Isaiah.Bribiesca@saul.com
- **Robyn B Sokol** robyn.sokol@stinson.com, lydia.moya@stinson.com;dbender@leechtishman.com;jnaiya.herd@stinson.com
- **Michael G Spector** mgspector@aol.com, mgslawoffice@aol.com
- **Martin W Taylor** marty.taylor@bclplaw.com, shawn.williams@bclplaw.com,marty-taylor-5681@ecf.pacerpro.com
- **Alan G Tippie** Alan.Tippie@gmlaw.com, atippie@ecf.courtdrive.com;Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com,denise.walker@gmlaw.com
- **Jennifer R Tullius** jtullius@tulliuslaw.com
- **United States Trustee (SA)** ustpregion16.sa.ecf@usdoj.gov
- **Christopher A Ward** cward@lowenstein.com, lsuprum@lowenstein.com
- **Sharon Z. Weiss** sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,sharon-weiss-7104@ecf.pacerpro.com
- **David Wood** dwood@marshackhays.com, dwood@ecf.courtdrive.com;lbuchananmh@ecf.courtdrive.com;spineda@ecf.courtdrive.com;alinares@ecf.courtdrive.com
-

**2. SERVED BY UNITED STATES MAIL:**

United States Trustee (SA)
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4593

Debtor:
Andrew and Julie Stupin
215 5th Street, Suite A
Huntington Beach, CA 92648

Andrea C. Chang
Dentons US LLP
601 S. Figueroa St Ste 2500
Los Angeles, CA 90017-5704

Dylan Houle
Perkins Coie LLP
1888 Century Park East, Suite 1700
Los Angeles, CA 90067

David J. Root
Bryan Cave Leighton Paisner LLP
1920 Main St Ste 1000
Irvine, CA 92614-7276

Nicholas Rubin, Partner
Force 10 Advisors LLC
5271 California Ave., Suite 270
Irvine, CA 92617

Mark Shinderman
FTI Consulting, Inc.
350 S. Grand Ave., Suite 3000
Los Angeles, CA 90071

Charles J. Snyder, Esq.
Kendall Brill & Kelly LLP
10100 Santa Monica Blvd., Suite 2500
Los Angeles, CA 90067

Jonathan Kalinski, Esq.
Hochman Salkin Toscher Perez PC
9100 Wilshire Blvd., Suite 900W
Beverly Hills, CA 90212

Suha Uddin
RRBB Advisors LLC
265 Davidson Ave., Suite 210
Somerset, NJ 08873

George Felix
CBRE
18575 Jamboree Rd., Suite 600
Irvine, CA 92612

Robert Stepp
LA Real Estate Group, Inc.
1437 7th Street, Suite 250
Santa Monica, CA 90404

Kim Bibb
Pacific Sotheby's International Realty
1200 Newport Center Drive, Suite 100
Newport Beach, CA 92660